**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN GHAZARYAN,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, in his official capacity as Warden, Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-03048-RBM-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 2, 4]** |

Pending before the Court are Petitioner Karen Ghazaryan's ("Petitioner") Corrected Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Petition") (Doc. 4) and Ex Parte Application for Temporary Restraining Order ("TRO Motion") (Doc. 2).  For the reasons set forth below, the Petition is **GRANTED** and the TRO Motion is **DENIED as moot**.

## I.      BACKGROUND

Petitioner, a citizen of Armenia, "entered the United States on March 19, 2022, through the San Ysidro border."  (Doc. 4-5 at 1; Doc. 4 ¶ 9.)  "Upon entry, he was taken into custody and subsequently released on parole[.]"  (Doc. 4-5 at 3; Doc. 4 ¶ 10; Doc. 6 at 2.)  "Following his release, Petitioner resided in the United States with his wife and

daughter and fully complied with all immigration requirements." (Doc. 4 ¶ 11.) On April 29, 2026, Immigration and Customs Enforcement ("ICE") re-detained Petitioner while he was working as an Uber driver. (*Id.* ¶ 12.) Petitioner was not provided a pre-deprivation hearing. (*Id.* ¶ 16.) After his arrest, Petitioner was taken to Otay Mesa Detention Center, where he remains today. (Doc. 4-5 at 4.)

On May 14, 2026, Petitioner filed his original Petition (Doc. 1) and TRO Motion (Doc. 2). On May 18, 2026, Petitioner filed his Amended Petition. (Doc. 4.) On May 22, 2026, Respondents filed their Response to Petition. (Doc. 6.) Later that same day, Petitioner filed his Reply. (Doc. 7.)

## II.    <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    <u>DISCUSSION</u>

Petitioner claims his immigration detention violates the Fifth Amendment's Due Process Clause. (Doc. 4 ¶¶ 20–42.) Respondents acknowledge[ ] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable, . . . and do[ ] not oppose the petition and defer[ ] to the Court on the appropriate relief." (Doc. 6 at 2–3.)

This Court has granted several habeas petitions filed by similarly situated petitioners who were previously released from detention on their own recognizance or paroled into the country and re-detained several years later. In *Faizyan v. Casey*, the Court held such

2

petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause." Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."). Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." *Faizyan*, 2025 WL 3208844, at *7; *see C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance).

Like the petitioners in the cases above, Petitioner was previously released from ICE custody on parole under 8 U.S.C. § 1182(d)(5). (*See* Doc. 4-5 at 3; Doc. 4 ¶ 10.) "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined [he] was neither." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). To the contrary, before he was re-detained in April 2026, Petitioner lived in the United States for over four years pursuant to his parole, was able to work, and had no criminal history. (Doc. 4 ¶¶ 9–18.) Respondents therefore implicitly promised Petitioner's continued release, and he reasonably relied on that promise. *See Pinchi*, 792 F. Supp. 3d at 1032. And nothing in the record before the Court indicates any change in circumstances or individualized justification for Petitioner's re-detention. *See Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) ("Since DHS's initial determination that Petitioner should be paroled because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed.").

The Court therefore adopts its reasoning in *Faizyan* and applies it here. For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary framework; and (2) ICE's revocation of Petitioner's release on parole without a pre-

deprivation hearing violated his due process rights and rendered his detention unlawful. Accordingly, the Petition is **GRANTED**.

**IV.    CONCLUSION**

Based on the foregoing reasons, the Amended Petition (Doc. 4) is **GRANTED** and the TRO Motion (Doc. 2) is **DENIED as moot**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.

2. The Court **ORDERS** that, prior to any re-detention, Petitioner **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED**.

DATE:  May 26, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:26-cv-03048-RBM-JLB